```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,              MEMORANDUM & ORDER
                                             10-CV-0731 (JS)
         – against –


KRETZSCHMAR TOBEE, also known as
Kretzschmar B. Tobee,

                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Michael T. Sucher, Esq.
                    26 Court Street, Suite 2412
                    Brooklyn, NY 11242

For Defendant:      No appearance
```

SEYBERT, District Judge:

Pending before the Court is Plaintiff's motion for entry of a default judgment against Defendant, Kretzschmar Tobee, also known as Kretzschmar B. Tobee ("Tobee"). For the reasons that follow, Plaintiff's motion is GRANTED.

BACKGROUND

On February 18, 2010, Plaintiff commenced this action against Tobee for unpaid student loan payments. Thereafter, on March 19, 2010, Plaintiff served Defendant with the Summons and Complaint. Tobee having failed to answer, Plaintiff filed a motion for entry of default on April 26, 2010. The Clerk of the Court noted Tobee's default on April 27, 2010. Defendant has never contacted the Court in the two months that this action has been pending.

## DISCUSSION

Plaintiff seeks a sum certain in this action; therefore, a detailed analysis of damages is unnecessary. Pursuant to a Certificate of Indebtedness issued by the U.S. Department of Education, Plaintiff defaulted on student loans with outstanding principal in the amount of $1,397.23. Plaintiff seeks to recover this amount, plus interest accruing at the current rate of 3.28 percent and a daily rate of $.12.

In addition to damages, Plaintiff seeks an award of attorney's fees. The Higher Education Act of 1965 provides that "a borrower who has defaulted on a loan made under this subchapter . . . shall be required to pay . . . reasonable collection costs." 20 U.S.C. §1091a (b)(1). "Collection costs" have been found to include attorneys' fees and costs. See United States v. Vilus, 419 F. Supp. 2d 293, 297 (E.D.N.Y. 2005). The Court finds that Plaintiff is entitled to recover attorney's fees, and turns to a determination of the amount of that recovery.

Plaintiff seeks an award of attorneys' fees, yet requests no specific percentage of the recovery. In a recent, well-reasoned decision in this District regarding a default of a student loan, Judge Charles P. Sifton concluded that a contingency arrangement that provides an award of 20 percent of the total debt "is neither unreasonable nor exorbitant." Vilus, 419 F. Supp. 2d at 300. In this case, the Court finds that 20 percent of the total debt is

reasonable.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for entry of default. Accordingly, the Clerk of the Court is directed to enter judgment in Plaintiff's favor in the amount of $1,397.23, plus interest at a rate of $.12 per day, plus attorney's fees in an amount equal to 20 percent of the total debt. Furthermore, the Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     May 4, 2010
            Central Islip, New York